## Della Vecchia v. City of Pittsburgh

*Stanley B. Lederman,* for plaintiff.
*D. R. Pellegrini,* for defendant.

SMITH, JR., *J.,* September 4, 1985—The record and stipulation in the above case presents for our consideration the following question:

May a home-rule municipality in a second-class county lawfully enact legislation which provides for the collection by the municipality of a realty transfer tax where an act of the General Assembly provides that the recorder of deeds shall be the collector of realty transfer taxes?

We answer the question in the negative.

The Constitution of the Commonwealth of Pennsylvania provides:

"Municipalities shall have the right and the power to frame and adopt home rule charters . . . . A municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter *or by the General Assembly at any time.*" (Emphasis supplied.)

When the city became a home-rule municipality on January 5, 1976, there was in effect an act[1] of the General Assembly which provided that the recorder of deeds shall be the collection agent of any political subdivision levying a local realty transfer tax. While this act has been amended several times,

---

1. The Act of November 1, 1971, P.L. 495, §6, 16 P.S. §11011-6(c) provides:

"(c) The recorder of deeds shall be the collection agent for any political subdivision levying a local realty transfer tax, including any amount payable upon a redetermination of the amount of tax due, without compensation from the political subdivision . . . On or before the 10th of each month, the recorder of deeds shall pay over to the appropriate political subdivision all local realty transfer taxes collected, less 2 percent for use of the county, together with a report containing the information as is required by the Commonwealth of Pennsylvania in reporting collections of the Pennsylvania realty transfer tax. The recorder of deeds shall pay the 2 percent withheld to the county. The county shall obtain and pay the premium or premiums on any bond or bonds necessary to cover the performance of the recorder of deeds' duties under this subsection."

the most recent being in 1983,[2] the General Assembly has never seen fit to repeal the provision mandating that the recorder shall be the collection agent for any political subdivision levying realty transfer tax. Since the General Assembly has enacted legislation stating that the recorder is the collection agent for *any* political subdivision levying realty transfer taxes, we must conclude that the city's ordinance which designates the city as the collection agent for its realty transfer taxes offends the cited provision of the Constitution and, ergo, is invalid.

The city in its brief cites as authority for its ordinance, naming it the tax collector, the act of the General Assembly known as Home Rule Charter and Optional Plans Law.[3] This act provides that:

"(a.1) *Unless prohibited by the Constitution of Pennsylvania,* the provisions of any other act of the General Assembly, the provisions of this act or its home rule charter, a municipality which has adopted a home rule charter shall have the power and authority to enact and enforce local tax ordinances upon any subject of taxation granted by the General Assembly to the class of municipality of which it would be a member but for the adoption of a home rule charter at any rate of taxation determined by the governing body. No home rule municipality shall establish or levy a rate of taxation upon nonresidents which is greater than the rate which such municipality would have been authorized to levy on nonresidents but for the adoption of a home rule charter. The governing body of a home rule municipality shall not be subject to any limitation on the

---

2. Act of 1983-40, 16 P.S. §11011-6.
3. Act of 1972-62, 53 P.S. §1-101.

rates of taxation imposed upon residents." (Emphasis added.) 53 P.S. §1-302(a.1);
and,

"(c) Acts of the General Assembly in effect on the effective date of this act that are uniform and applicable in every part of the Commonwealth shall remain in effect and shall not be changed or modified by this act. Acts of the General Assembly enacted after the effective date of this act that are uniform and applicable in every part of the Commonwealth shall supersede any municipal ordinance or resolution on the same subject." 53 P.S. §1-302.

The city argues that since the City of Philadelphia and title companies admittedly act as agents for the collection of Philadelphia's realty transfer tax, the county code (16 P.S. §11011-6(c)) is not uniform and applicable in every part of the state, and, for this reason, doesn't preclude the city from being the collection agent for its own realty transfer tax. With this argument we do not agree.

At this point it is well to note that there is no question before the court of the city's right to levy and enforce its realty transfer tax. For the purposes of this opinion we assume that the city had the right to enact and provide for enforcement of its realty transfer tax. The sole issue is whether it may, contrary to the act of the General Assembly (16 P.S. §11011-6(c)), mandate that it shall be the collection agent.

The controlling act in this case has no bearing on the city's power to levy and enforce its realty transfer ordinance. The act only designates the collector and establishes his fee which is paid to the county. We find no conflict between the proffered act in support of city's argument and the county code.

The reason for the act designating the recorder as the collector of realty transfer taxes is obvious, par-

ticularly in a county such as Allegheny. Prior to the adoption of this legislation, each of the then 129 municipalities[4] and/or the numerous school districts had the right to enact realty transfer taxes and to designate the collection agent for such taxes. This resulted in numerous people in various parts of the county being responsible for the collection of the tax and the issuance of the tax receipt or stamp. This was an unworkable and unrealistic situation. Sometimes finding the proper party to pay the tax to and obtain the tax receipt or stamp from was a more onerous burden than paying the tax itself. In order to bring order out of chaos, a solution to the conurbation tax conundrum, the General Assembly designated one party responsible for the collection of all realty transfer taxes in the person of the recorder.

As we have declared that the city's ordinance offends the Constitution to the extent that it provides for a collection agent other than the recorder, we enter the following judgment.

## ORDER OF COURT

And now, this September 4, 1985, in accordance with the foregoing, it is hereby ordered, adjudged and decreed that the recorder of deeds of this county is the legal collection agent for the realty transfer tax of the City of Pittsburgh and that the City of Pittsburgh's ordinance, to the extent that it ordains that it shall be the collection agent for its own realty transfer tax, is invalid under the Constitution since it is in violation of an Act of the General Assembly.

---

4. Today there are 130 municipalities in Allegheny County.